Lindsey K. SPRINGER, Plaintiff–Appellant,

v.

David A. RANCOURT; Stephani Gonzales, Defendants– Appellees,

and

Vicki Balough; Sandra Stout; John Mott–Smith; Victoria Buckley; Thomas H. Ferguson; Linda W. Beazley; Dwayne D. Yoshina; Dr. Ronald D. Michaelson; Sue Anne Gilroy; Ron E. Thornburgh; John Y. Brown, III; Wade Martin, III; Julie L. Flynn; John Cloonan; Christopher M. Thomas; Meryl Atterberry; Joe Kerwin; Scott Moore; Dean Heller; William M. Gardner; Joseph F. Britt; Thomas R. Wilkey; Gary O. Bartlett; Alvin A. Jaeger; Bob Taft; Lance D. Ward; Colleen Sealock; Dick Filling; Janet Armstrong; James Hendrix; Joyce Hazeltine; Brook Thompson; Ann McGeehan; Olene S. Walker; Gary McIntosh; Ken Heckler; Kevin J. Kennedy; Diana Ohman; Linda H. Lamone; Jeanette K. Heinbockel; Deborah L. Markowitz, Defendants.

No. 01–5005.

United States Court of Appeals, Tenth Circuit.

Aug. 15, 2001.

Before HENRY, STEPHEN H. ANDERSON, and MURPHY, Circuit Judges.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

ORDER AND JUDGMENT *

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Lindsey K. Springer sought to have his name placed on the presidential ballots of all fifty States. When his requests were either rejected or ignored, he sued the fifty States. That suit was dismissed based on the States' sovereign immunity, which was upheld on appeal. Then, Mr. Springer filed this suit against the election officials of the fifty States,[1] seeking declaratory and injunctive relief. The district court dismissed this suit on the grounds that the court lacked personal jurisdiction over the non-resident defendants and that plaintiff failed to state a claim against any of the defendants. The dismissal was upheld on appeal, and Assistant Attorneys General for the States of New Mexico and Florida filed bills of costs on behalf of defendants Stephanie Gonzales and David Rancourt. The court awarded costs of $45.00 to Stephanie Gonzales, R. Vol. 5, doc. 326, and awarded costs of $292.50 to David Rancourt, *id.,* doc. 325. Mr. Springer appeals.

Under 28 U.S.C. § 1920, "[a] judge or clerk of any court of the United States may tax ... costs." Likewise, under Fed. R.Civ.P. 54(d)(1), "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules,

1. At least, he sued the persons he believed to be the election officials. It appears from the record that the defendants involved in this appeal were replaced as election officials before Mr. Springer filed this suit.

costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." We review the district court's award of costs for abuse of discretion. *Marathon Ashland Pipe Line LLC v. Maryland Cas. Co.,* 243 F.3d 1232, 1254 (10th Cir.2001).

Mr. Springer argues, first, that the district court abused its discretion by construing a certificate of service signed by an attorney not authorized to appear in this action as a timely bill of costs filed on behalf of defendant Stephanie Gonzales. Ms. Gonzales was represented by Bennett S. Cohn, Assistant Attorney General for the State of New Mexico. Defendant's bill of costs was attached to a certificate of service signed by Cindy J. Cordova, an attorney not authorized to appear in this action. R. Vol. 5, doc. 310. However, Ms. Cordova signed "for" Mr. Cohn, *id.,* and it is therefore clear that she signed at his instruction, *see Weldon v. United States,* 845 F.Supp. 72, 83 (N.D.N.Y.1994). Accordingly, the district court did not abuse its discretion by accepting Ms. Cordova's signature. Even if the signature were invalid, the error would be harmless because there is no indication that the bill of costs was not filed in good faith or was frivolous or without foundation. Contrary to Mr. Springer's assertion, the bill of costs is both itemized and verified. R. Vol. 5, doc 310. We reject Mr. Springer's argument that this bill of costs is defective because it was attached to a certificate of service, and we therefore reject his argument that no timely bill of costs was filed on behalf of Ms. Gonzales.

Mr. Springer next asserts that the bills of costs were filed for the States of New Mexico and Florida rather than for the defendants named in the action, and that the district court abused its discretion by awarding costs to those non-parties. The declaration pages are signed by the Assistant Attorneys General "For: The State of New Mexico," *see* R. Vol. 5, doc. 326, and "For: The State of Florida," *see id.,* doc. 325. The attachments showing the itemized costs, however, have headings showing the name of the defendants in this action. *See id.,* docs. 325, 326. We reject Mr. Springer's hypertechnical argument that the costs sought were for the States rather than for the defendants named in the suit. We find no abuse of discretion. Mr. Springer does not challenge the amount of costs awarded in either case, so we need not review the district court's specific awards.

Mr. Springer also contends that the States cannot recover costs under 28 U.S.C. § 1920 because they were dismissed from his first suit based on their sovereign immunity. As explained above, the district court did not abuse its discretion in construing the bills of costs filed in this suit as being filed on behalf of the defendants named in this suit. Mr. Springer's argument is without merit.

Finally, Mr. Springer asserts in conclusory fashion that 28 U.S.C. § 1920 is an unconstitutional exercise of taxing power. He presents no reasoned argument supported by authorities, however, and we therefore decline to address the issue. *See Brownlee v. Lear Siegler Mgmt. Servs. Corp.,* 15 F.3d 976, 977–978 (10th Cir. 1994).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.